## NATIONAL CHEMICAL CO. v. LLEWELLYN & DOYLE.

### (District Court, N. D. New York. November 17, 1915.)

PATENTS ☞310—SUIT FOR INFRINGEMENT—PLEADING.

> Allegations in a bill for infringement of a patent *held* not subject to a motion to strike out as impertinent and immaterial.
>
> [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507-540; Dec. Dig. ☞310.]

In Equity. Suit by the National Chemical Company against Llewellyn & Doyle. On motion to strike certain allegations from bill. Denied.

H. P. Denison and Eugene A. Thompson, both of Syracuse, N. Y., for complainant.

Parsons & Bodell, of Syracuse, N. Y., for defendant.

RAY, District Judge. Complainant sues in equity to restrain and enjoin alleged infringement by the defendants of United States letters patent No. 1,138,686, for collar ironing machine, and for an accounting and triple damages.

The paragraphs which defendants on this motion seek to have expurgated from the bill of complaint, paragraphs 6 to 11, inclusive, allege in substance that defendants at all the times mentioned in the bill of complaint were running a machine shop in which they did repair and construction work for others, and not for themselves, and so assumed and undertook confidential relations with their customers; that, knowing this and relying thereon, and that all secrets and information would be confidential, the plaintiff contracted with them to manufacture certain collar machines at an agreed price; also that defendants agreed as a part of such contract of employment to assist plaintiff in perfecting its machines, and also in devising other and new machines, and that all inventions and improvements made during the existence of the contract should belong to the complainant, be disclosed to the officers of the complainant, and that on request they would also execute application or applications for letters patent thereon and assign same to the complainant; also that the contractual relations thus established commenced in the fall of 1911, and continued until in the spring of 1913; also that the defendants reconstructed for the complainant a large number of collar machines, which had been made by others, but thereafter constructed over 650 new collar machines for the complainant, and complainant paid for such work some $26,880; also that, when completed and crated, such machines were forwarded by defendants to the purchasers, the customers of the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff, and that by these means and contractual relations defendants became familiar with the business and customers of complainant, to whom such complainant was selling and delivering the machines made in accordance with the patent in suit, and alleged to have been infringed by defendants; also that, possessing this knowledge and availing themselves thereof, the defendants during the continuance of such contractual relations began to produce and put on the market and sell collar machines similar to and embodying the improvements set forth in complainant's letters patent sued upon, all without the consent and allowance of the complainant. The complainant seeks to recover and demand treble damages and also an injunction.

As bearing on these questions, and, it may be, on the question of infringement, I think these allegations should stand. When the answer is filed, and on the trial, it can be determined whether proof of these allegations is pertinent and material.

Motion to strike out denied.